EDWARDS, Judge.
Plaintiff, Donald J. Mautemps, appealed the decision of the Civil Service Commission dismissing his administrative appeal as untimely. We find that the Civil Service Commission focused on the wrong date and action of the employer, the Port of South Louisiana, in determining that the appeal was untimely. We reverse the decision of the commission and remand for an evidentiary hearing on the issue of untimeliness.
Mr. Mautemps became eligible for a discretionary merit increase in pay on March 19 of each year. He alleges that the employer granted him a merit increase in December of 1991, retroactive to the anniversary date of March 19, 1991, but notified Mr. Mautemps in February of 1992 of a change in the date of retroactivity to December 15, 1991. Mr. Mautemps appealed the modification and the employer’s failure to include the increase in Mr. Mautemps’ paycheck.
The referee appointed by the commission to decide the appeal determined that the appeal might be untimely and issued a rule to show cause, by written argument, whether the appeal was timely. The referee, based on the March 19, 1991- anniversary date and the date the appeal was filed, February 28, 1992, found the appeal untimely under the requirements of Civil Service Commission Rule 13.12(a)(2). The Civil Service Commission denied Mautemps’ application for review, after which the decision of the referee became the final decision of the commission.
The issue is not whether the administrative appeal was filed more than thirty days after the anniversary date of March 19, 1991 triggering Mr. Mautemps’ eligibility for a merit increase from his employer. The issue *31 is whether the employer notified Mr. Mau-temps, no more than thirty days before the filing of the appeal, that the merit increase granted to him was modified or changed.
Civil Service Rule 13.12(a) provides:
(a) No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is ... received-
(1) Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required ...; or
(2) Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these [r]ules or, if required, was given tardily or not at all.
In Mr. Mautemps’ memorandum to the referee on the issue of timeliness, Mr. Mau-temps agrees that an appeal of the employer’s decision not to grant the merit increase on the anniversary date of March 19, 1991 would be untimely. However, Mr. Mau-temps argues that he received notification from his employer of a merit increase in December of 1991, with a retroactive date of March 19, 1991. Believing that he received the pay increase that he sought, he had no need for an appeal, one of the complained of actions asserted by Mautemps as the basis for a timely appeal was the alleged notification by the employer to Mr. Mautemps, in February of 1992, of the modification of the date of retroactivity.
To hold that the employee must appeal within thirty days of the anniversary date triggering eligibility for a merit increase to preserve the right to appeal any subsequent action of the employer granting a partial pay increase, modifying, or rescinding a merit increase violates the clear wording of rule 13.12. How could Mr. Mautemps complain on March 19, 1991 of an action that had not yet occurred? How could Mr. Mautemps base an appeal on an action he was allegedly unaware of until February, 1992? If the employer on February 21, 1992, or no more than thirty days before the appeal, notified Mr. Mautemps of a merit increase with the date of retroactivity of December 15, 1991, the administrative appeal was timely.
No testimony was submitted to the referee. The referee allowed only written argument on the issue of untimeliness and made no findings of fact on the allegations made by Mr. Mautemps that he first received notification in February of 1992 that the employer changed the date of retroactivity of the pay increase to December 15, 1991. The record does not contain sufficient evidence for this court to make the necessary factual determinations. Therefore, we remand this matter to the commission for an evidentiary hearing on the issues of (1) when Mr. Mautemps received notice that the retroactive date of his merit raise had been changed, and (2) the timeliness of his subsequent appeal.
The costs of the appeal, $113.00, are assessed to the Port of South Louisiana.
REVERSED AND REMANDED.